832 A.2d 319

IN THE MATTER OF LUBA ANNENKO, AN ATTORNEY
AT LAW (ATTORNEY NO. 013061983).

October 9, 2003.

## ORDER

The Disciplinary Review Board having filed a report with the Court in DRB 02–267, 02–353, and 02–354, recommending that **LUBA ANNENKO** of **CHERRY HILL**, who was admitted to the bar of this State in 1983, and who has been suspended from the practice of law since November 13, 2000, be disbarred for violating *RPC* 1.1(a) (gross neglect), RPC 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 1.5(b) (failure to provide retainer agreement), *RPC* 1.16(d) (failure to return unearned retainer), *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), *RPC* 5.5(a) (practicing law while suspended), *RPC* 5.5(b) (assisting disbarred attorney in unauthorized practice of law), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(b) (criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and *Rule* 1:20–20(a) (prohibited association with disbarred attorney and failure to notify client of suspension and to file affidavit of compliance);

And **LUBA ANNENKO** having failed to appear on the return date of the Order to Show Cause issued in this matter;

And good cause appearing;

It is ORDERED that **LUBA ANNENKO** be disbarred, effective immediately, and that her name be stricken from the roll of attorneys; and it is further

ORDERED that **LUBA ANNENKO** be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that **LUBA ANNENKO** comply with *Rule* 1:20–20 dealing with disbarred attorneys; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by LUBA ANNENKO pursuant to *Rule* 1:21–6 shall be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.